

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Mr. Donald E. Tracy
County Auditor
Winkler County
Kermit, Texas

Dear Mr. Tracy:

Opinion No. O-7425

Re: Under Article 6674q-4 can
Winkler County pay an engineer
for surveying and making field
notes for a proposed right-of-
way, where the road is to be
constructed partly by the county
and partly by the State Highway
Department.

We have given careful consideration to your letter,
which reads as follows:

"I would like your opinion as to whether
Winkler County can legally pay an engineer for
surveying and making field notes for a proposed
right of way which is for a proposed road and
this road is to be partially constructed by Wink-
ler County and the completion of the construction
is to be done by the State Highway Department.

"I should like to know whether the above is
legal in view of Article 6674q-4 of 1943 Supple-
ment Vernon's Texas Statutes.

"I am enclosing copies of letters between
the State Highway Department and the County
Judge which may clarify the point of the High-
way Department taking over the road."

From the copies of the letters attached to the opin-
ion request, and from a copy of the contract which has been fur-
nished us made by the engineer with Winkler County, it appears
that Winkler County has been endeavoring for several years to
construct a road from Kermit to the line of Andrews County, and

Mr. Donald E. Tracy - page 2

has been endeavoring to get the State Highway Department to co-operate with said venture.

It appears that on April 24, 1945, the County made a contract with the engineer to draw plans and specifications and supervise the building of certain roads in Winkler County. The contract states that the engineer is to receive certain sums for the completed right-of-way surveys, location, platting and legal description for the Andrews road, and a different amount for the pipe-line road from Wink.

From information furnished to us by the State Highway Department, the road from Kermit to the Andrews County line on May 29, 1945, was designated as a portion of the State Highway system. On August 24, 1945, the State Highway Department canceled this designation.

We have also been informed by the State Highway Commission, as well as the County Judge of Winkler County, that there is a plan on foot whereby it is hoped an agreement can be made with the State Highway Commission and Winkler County to have the road in question designated as a farm-to-market road, and then have same completed by the County and the State Highway Commission jointly as such road.

We are not informed how much of the work was done, if any, by the engineer between May 29th and August 24, 1945, while this road was a part of the State Highway system. Neither is there any way for us to tell from the information furnished the amount the engineer desires the County to pay him at this time.

Under Article 6674q-4, cited by you, the County is not authorized to expend any of the County's funds on roads that have been designated as a part of the State Highway system; neither is there any provision in said Article for the State Highway Department to cooperate with the County in building any portion of a road that has been designated as a part of the State Highway system.

Under Article 6673-c, the State Highway Commission is authorized to designate any county road as a farm-to-market road "for purposes of construction, re-construction and maintenance only * * *, and provided further that the State Highway Commission and the Commissioners Court of the county in which any such road is located may enter into a contract that shall set forth the duties of the State in the construction, reconstruction and maintenance of the county road, in consideration

of the county and/or road districts relinquishing any and all claims for State participation in any county, road district or defined road district bonds, warrants, or other evidences of indebtedness outstanding against such road."

From the information furnished we cannot answer categorically the questions you have propounded.

At the time the County entered into the contract with the engineer in April, 1945, the County was authorized to make a contract to have the roads surveyed, platted and constructed, because it had not been designated as a State highway. For the work done by the engineer while the road was or is a county road, he can be paid out of county funds. If the road should be designated by the State Highway Commission as a farm-to-market road, then the work thereafter done must be with the approval of the State Highway Commission.

The contract which the county made with the engineer is extremely ambiguous in reference to the price the County is to pay as the work progressed.

As above stated, Article 6674q-4 of the Revised Statutes prohibits the County from spending any of its funds on roads that have been designated as a part of the State Highway system. The statute authorizing the designation by the State Highway Commission of farm-to-market roads authorizes the county and the State Highway Commission to enter into a joint agreement for the building of a farm-to-market road. There is, however, no law which authorizes the county and the State Highway Commission to jointly construct a road which has been designated as part of the State Highway system.

Your question presents a situation that is not authorized by the statute, in that you state the road in question is being constructed or built partly by the State Highway department and partly by the County, while the evidence shows that it has not been designated as a farm-to-market road.

Since the County had the right to make the contract in question on April 29, 1945, it is our opinion, under the authority of West Audit Co. v. Yoakum County, 35 S. W. (2) 404, the Commissioners' Court and the engineer could adjust their differences, and the County could pay the engineer on a quantum meruit basis for the work he has performed. Unquestionably, we think, this would be true if the State Highway Commission and

the County finally reach an agreement under which the road in question is to be designated as a farm-to-market road.

We are sending copies of this opinion to the State Highway Commission, the engineer employed by the County and the County Judge of Winkler County.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Geo. W. Barcus
ASSISTANT

GWB-MR

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN